IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THIEN T.T., <br><br> Petitioner, <br><br> vs. <br><br> SHIKHA DOSANJ, in her official capacity as Warden of the Federal Detention Center, Honoluluʻi, Hawaiʻi, *et al.*, <br><br> Respondents. | Civil No. 26-00271 MWJS-WRP <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A#: 245-006-727 |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Thien T.T.[1] was taken into immigration custody on October 11, 2025, and remains detained at the Federal Detention Center in Honolulu (the "FDC"). Petitioner is a native and citizen of Vietnam who entered the United States on or about April 17, 2023, without being admitted or paroled following inspection by an immigration officer. She was charged as removable under INA § 212(a)(6)(A)(i), and an immigration judge in Houston, Texas, ordered her removed in absentia on June 6, 2024. She is therefore subject to a final order of removal. But over seven months have elapsed since her detention began, and she has not been removed.

---

[1] For reasons explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of her middle and last names are used in this order.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241.  In Count I of her petition, she contends that her continued detention is no longer authorized by statute. She argues not only that her detention has become prolonged, but that her removal is not reasonably foreseeable:  Vietnam has not agreed to accept her or to issue the travel documents necessary to effectuate her removal, and removal to any third country is speculative, as no country has agreed to receive her and no timeline for removal has been identified.  Dkt. No. 1, at PageID.20-25.  Under Supreme Court precedent in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner maintains, continued detention under these circumstances is unlawful.

Because Petitioner is subject to a final order of removal, her detention is governed by 8 U.S.C. § 1231.  That section provides a 90-day "removal period" during which the government must endeavor to remove the noncitizen.  8 U.S.C. §§ 1231(a)(1), (a)(2).  Detention may continue beyond the removal period under § 1231(a)(6), which by its terms sets no express limit on the duration of further detention.  In *Zadvydas*, however, the Supreme Court rejected the proposition that § 1231(a)(6) authorizes indefinite detention.  533 U.S. at 689.  Instead, the Court held that the statute permits detention only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States."  *Id.*  Accordingly, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.  The *Zadvydas* Court further provided that a period of six months following the

2

removal order is "presumptively reasonable." *Id.* at 701.  Beyond six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government "must respond with evidence sufficient to rebut that showing." *Id.*

The court has previously addressed materially similar petitions brought by noncitizens detained at the FDC.  In each, following fuller briefing, the court concluded that the petitioner had provided good reason to believe that removal was not significantly likely in the reasonably foreseeable future and that the government had not rebutted that showing.  In *Vu v. Dosanj*, Civ. No. 26-00013, 2026 WL 594740 (D. Haw. Mar. 3, 2026), where the petitioner had been detained for over eight months, the court granted the petition because the government did not offer sufficient evidence that removal to the petitioner's country of origin—Vietnam—was likely in the reasonably foreseeable future.  In *Malik v. Dosanj*, Civ. No. 26-00060, 2026 WL 638483 (D. Haw. Mar. 6, 2026), where the petitioner had been detained for nearly ten months, the court granted the petition because the government did not offer sufficient evidence of progress toward identifying a third country willing to receive the petitioner, his country of origin not being an available option.  The court reached the same conclusion in *Jun B.X. v. Dosanj*, Civ. No. 26-00200 MWJS-RT, 2026 WL 1149284 (D. Haw. Apr. 27, 2026).

Given the apparent factual and legal similarities between Count I of the petition here and the factual records that were fully developed in *Vu*, *Malik*, and *Jun*, the court

3

issued an Order to Show Cause, noting that this case might be suitable for expedited disposition, and calling on the government to identify any factual or legal issues in this case that distinguish Count I of the present petition from the courts prior orders.  Dkt. No. 6.  The court appreciates the government's timely and candid response.  Dkt. No. 11.  In it, the government concurs "that this case can be determined in an expedited manner," acknowledges that "the legal issues in this case are not substantively distinguishable from *Vu*," and rests its opposition to the petition on an "incorporat[ion] [of] the Government's arguments set forth" in those cases.  *Id*. at PageID.76.

As there are no factual or legal issues in this case that would distinguish it from this court's prior orders, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count I.[2]  The court ORDERS Respondent Shikha Dosanj, the Warden of the FDC, to immediately release Petitioner from detention under the conditions in her preexisting order of supervision. The parties are ORDERED to file a joint status report by July 3, 2026, confirming that Petitioner has been released.  And any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.  *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025).

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

---

[2]     Because it is unnecessary to do so, the court declines to resolve the remaining counts in the petition.

IT IS SO ORDERED.

DATED:  June 30, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

*Thien T.T. v. Shikha Dosanj,* et al.; Civil No. 26-00271 MWJS-WRP; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS